

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00096-CR

JAMES MICHAEL TESI                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

A jury convicted Appellant James Michael Tesi of aggravated assault of a public servant with a deadly weapon and assessed his punishment at thirty-five years' confinement. The trial court sentenced him accordingly. In four points, Appellant argues that the trial court's denial of his right to obtain and cross-examine a witness deprived him of his right to present a defense, that the

---

[1]*See* Tex. R. App. P. 47.4.

prosecutor's jury argument was so inflammatory as to be incurable and violated Appellant's constitutional right to a fair trial and effective counsel, that the trial court abused its discretion by excluding the police report he offered, and that the cumulative impact of the above alleged errors was so great that reversal is required. Because Appellant has failed to preserve any of his complaints for appellate review, we affirm the trial court's judgment.

**Statement of Facts**

Officer John Fossett testified that on July 21, 2011, he was driving a marked police vehicle to the Keller Police Department to deliver paperwork. On the way, he saw Appellant sitting at a stop sign to exit a subdivision. Officer Fossett recognized Appellant and Appellant's vehicle. Officer Fossett was a warrant officer and believed that Appellant had outstanding warrants. Officer Fossett called for backup and began following Appellant. At some point, Appellant turned into a business park. As Appellant approached the back of the business park, he sped up. Officer Fossett turned on his emergency lights. Appellant continued to drive and turned into a subdivision. Officer Fossett passed him, got in front of his vehicle, and slowed down. Appellant drove around Officer Fossett and kept going. Appellant drove to his house in Hurst, Texas, turned into his driveway, and pulled into his garage.

Officer Fossett got out of his vehicle with his weapon in his hand, pointed down. He walked quickly up to the garage and saw Appellant still in his truck, with the door open less than a foot. Officer Fossett told Appellant that he was

2

under arrest, and Appellant kicked the door further open. When he did so, Officer Fossett saw a gun on Appellant's lap. Officer Fossett told Appellant to drop the gun, at which point Appellant picked up the gun and pointed it at Officer Fossett. Appellant and Officer Fossett exchanged fire; Officer Fossett was not sure who fired first. Officer Fossett took cover. They both fired more shots. Appellant, who had been shot in the leg, surrendered.

Appellant sought to introduce Officer Fossett's police report for the incident during his cross-examination of the officer. The State objected that the report was hearsay. The trial court sustained the objection.

On re-direct, the State withdrew its prior objection and moved to admit the same report. When asked if he had any objection, Appellant's attorney stated, "I object to it being admitted unless I'm allowed to examine the witness about the document before the State does." The report was not admitted into evidence.

Craig Driskell, an attorney with CLEAT, the police union of which Officer Fossett was a member, had gone to the scene and met with Officer Fossett. Appellant's attorney subpoenaed Driskell to testify, and Driskell filed a motion to quash. The trial court asked Appellant's attorney what information he intended to elicit that would be relevant to the case. The attorney replied,

> "[N]o one seeks the advice of an attorney unless they think they need an attorney for some reason. And this witness or this officer who was involved in the shooting sought counsel before he left the scene of the event. And, therefore, it is indicative of the state of mind that he had."

3

The attorney also explained that "it may have affected [Officer Fossett's] willingness to discuss the case with the IA investigator," and "anything that would affect the willingness of [Officer Fossett] to be forthcoming has a direct relevance."

In response, Driskell stated that "to err on [the] side of caution, [the legal counsel for the union] make every scene of every shooting from officers that are members of our union." He stated that "[w]hen [he] get[s] there, [he] talk[s] to [his] client confidentially" and that he did not "feel comfortable about even going on the stand because every time" he would "have to look to [the trial judge] and say, Your Honor, that's confidential." Appellant's attorney argued that Driskell was present when investigators did a walk-through of the incident with Officer Fossett and that statements made with others present would not be privileged. Driskell responded, "And that's the problem I have. I'm not sure I can distinguish what was said in confidence and then repeated, if it was exactly the same with others present. I'm going to have to err on the side it was confidential." The trial court ruled that privilege could be and had been asserted, that Driskell's testimony was not relevant, and to the extent that it was relevant, the danger of unfair prejudice would outweigh any probative value.

The defense called E.J. Brown, a former crime scene investigation detective and internal affairs detective. Brown testified that he had conducted an investigation of the crime scene at the request of Appellant's attorney. Based on his investigation, Brown disputed Officer Fossett's version of events and

4

criticized the handling of the investigation by the Hurst and Colleyville police departments. In closing argument, the prosecutor made the following argument regarding Brown's testimony:

> So while we sit here and we try to turn the whip back on the police and put Officer Fossett on trial for what happened that day, to make it somehow a conspiracy between Hurst PD and Colleyville PD to sweep this all under the rug, circle the wagons, and frame an innocent man.
>
> Ladies and gentlemen, you have to ask yourself, is that what the evidence supports? As much as they tried to twist the word of the officers, and you were present for the excruciatingly long questioning that went on in this case. The full day of cross-examination for Officer Fossett.
>
> To try to twist their words, try to trick them into an [] answer they don't agree with, to try to get a judge to try to agree with you when he flat out says, No, you're wrong.
>
> If that doesn't work, what do you do? Well, you bring in that clown, E.J. Brown. And, ladies and gentlemen, I was offended by his testimony. Y'all saw how mad I got. This guy who wanted to wrap himself in a flag and he's a peace officer and he's got all these years of experience, that guy was a hired gun. A man who wants to tell you—
>
> [Appellant]: Now, that is outside the evidence. And now he's arguing outside the evidence in the case.
>
> THE COURT: Well, the jury will recall the evidence that they've heard.
>
> [Prosecutor]: He didn't come in here because I brought him in. He was subpoenaed or retained by the defense attorney to come in here and testify because they couldn't get what they wanted out of the other officers.

**Right to Question Complainant's Attorney**

In his first point, Appellant contends that the trial court's denial of his Sixth Amendment right to obtain and cross-examine Driskell deprived him of the right to present a defense. Appellant subpoenaed Driskell, the CLEAT attorney representing Officer Fossett. Driskell had been called to the scene of the shooting, and while at the scene, Driskell did a walk-through with Officer Fossett and Officers Ryan Rider and Patrick McGrail. Driskell, not the State, filed a motion to quash the subpoena. An attorney who was the lawyer at the time of the communication sought is presumed to have the authority to claim the privilege, but only on behalf of the client.[2] Driskell argued that he could not discuss what Officer Fossett had said during the walk-through because the statements were confidential and protected by the attorney-client privilege. Driskell's position was that, because he could not remember which of Officer Fossett's statements were made to him in confidence and which were made in the presence of other people, everything was protected by the privilege.

Appellant argued that statements made in the presence of others were not privileged. Appellant argued generally to the trial court that he was entitled to question Driskell to develop a defense. Appellant explained to the trial court that the purpose of the walk-through was for Officer Fossett to describe what had happened regarding the shooting. Appellant argues here that without Driskell's

---

[2]Tex. R. Evid. 503(c).

6

testimony, "it is impossible for the defense to evaluate the credibility and reliability of the description given by Fossett, for each eyewitness present during the walk-through may recall details missed or forgotten by other witnesses." Nowhere, however, does Appellant direct us to any offer of proof made at the time of trial.

Appellant correctly states that the right to compulsory process guarantees only the right to obtain witnesses whose testimony would be both material and favorable to the defense.[3] The defendant must make a plausible showing to the trial court, by sworn evidence or agreed facts, that the witness's testimony would be both material and favorable to the defense.[4] The law is well established that

> Rule of Evidence 103(a)(2) limits the scope of issues which may be appealed when evidence is limited or excluded. Error may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected, and . . . the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked. The offer of proof may be in question-and-answer form or in the form of a concise statement by counsel. An offer of proof to be accomplished by counsel's concise statement must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible. The primary purpose of the offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful. A secondary purpose is to permit the trial judge to reconsider his ruling in light of the actual evidence.

---

[3]*See Coleman v. State*, 966 S.W.2d 525, 527–528 (Tex. Crim. App. 1998) (op. on reh'g).

[4]*Id.* at 528.

This court has recognized a distinction between the general rule in Rule 103(a)(2) and the case in which the defendant is not permitted to question a State's witness about matters that might affect the witness's credibility.

In the latter case, "the defendant need not show what his cross-examination of the witness would have affirmatively established; he must merely establish what general subject matter he desired to examine the witness about during his cross-examination and, if challenged, show on the record why such should be admitted into evidence. In such a case the trial court's ruling has prevented a defendant from questioning a State's witness about subject matters which affect the witness's credibility, that is, matters which might show malice, ill feeling, ill will, bias, prejudice, or animus.[5]

Appellant argued to the trial court that (1) "no one seeks the advice of an attorney unless they think they need an attorney for some reason" and (2) the attorney "may have" affected Officer Fossett's willingness to discuss the events with his IA investigator. The trial court granted the motion to quash and stated, "I don't see any relevance to the idea of calling Mr. Driskell to the stand." The trial court also stated that the danger of unfair prejudice would outweigh the probative value.

We hold that Appellant did not make a sufficient offer of proof to establish the admissibility of Driskell's testimony. We therefore overrule Appellant's first point.

---

[5]*Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009) (internal quotation marks and footnotes omitted).

8

**Inflammatory Jury Argument of Prosecutor**

In his second point, Appellant contends that the prosecutor's comments during jury argument were so inflammatory as to be incurable and that they denied Appellant his constitutional right to a fair trial and effective counsel.

Appellant correctly argues that the prosecutor's jury argument was improperly inflammatory. The State candidly points out that "[w]hen a prosecutor makes uninvited and unsubstantiated accusations of improper conduct directed toward a defendant's attorney, in an attempt to prejudice the jury against the defendant, courts refer to this as striking [at] a defendant over the shoulders of his counsel."[6] But, as the State also points out, the issue must be preserved for appeal by making a timely objection.[7] That is, the Texas Court of Criminal Appeals has expressly rejected Appellant's contention that a defendant's failure to object to incurable argument does not forfeit the complaint.[8]

In the case now before this court, Appellant objected that the State was arguing "outside the evidence." He received no ruling on his objection. Nor did he further object. Because Appellant did not preserve his complaint for appellate review, we overrule his second point.

---

[6]*Phillips v. State*, 130 S.W.3d 343, 355 (Tex. App—Houston [14th Dist.] 2004, pet ref'd) (op. on reh'g).

[7]See *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1173 (1997).

[8]*See id.*

9

**Exclusion of Police Report from Evidence**

In his third point, Appellant complains that the trial court refused to admit the police report he offered during his cross-examination of Officer Fossett. On redirect, however, the State withdrew its prior objections and moved to admit the same report. When asked whether he had any objection, Appellant objected to the admission of the report unless he was allowed to examine the witness about the report before the State questioned him. The report was not admitted into evidence. Appellant does not explain how he has preserved his complaint for appellate review when he himself objected to the admission of the report and also made no offer of proof.[9] We overrule Appellant's third point.

**Cumulative Effect of Error**

In his fourth point, Appellant argues that the cumulative impact of the first three errors of which he complains is so great that reversal is required. Because Appellant has not preserved his first three points, there is no cumulative error of which to complain. We overrule Appellant's fourth point.

**Conclusion**

Having overruled Appellant's four points, we affirm the trial court's judgment.

---

[9]*See* Tex. R. App. P. 33.2; Tex. R. Evid. 103(a)(2), (b); *Holmes*, 323 S.W.3d at 168; *see also Jackson v. State*, 552 S.W.2d 798, 801 (Tex. Crim. App. 1976) (holding that Appellant's failure to recall a witness and to again offer previously excluded evidence that was now admissible forfeited his objection to the exclusion of the evidence), *cert. denied*, 434 U.S. 1047 (1978).

                                                     LEE ANN DAUPHINOT
                                                     JUSTICE

PANEL:  DAUPHINOT, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 9, 2014